### POUNTNEY v. POUNTNEY.

*(Supreme Court, General Term, Second Department. May 12, 1890.)*

DIVORCE—COSTS—ALLOWANCE TO WIFE.

Where a wife has been allowed $100 counsel fees to prosecute her action for a limited divorce, she cannot, after she has succeeded in making out her case, have another allowance. Following *Beadleston* v. *Beadleston*, 103 N. Y. 402, 8 N. E. Rep. 735.

Appeal from special term, Orange county.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

---

### POUNTNEY v. POUNTNEY.

*(Supreme Court, General Term, Second Department. May 12, 1890.)*

DIVORCE—COSTS—ATTORNEY'S FEES.

In an action by a wife for a limited divorce, an order was entered allowing alimony, and "$100 for counsel fees, pending the litigation." Plaintiff recovered judg-

ment.  *Held*, that defendant was not entitled to have any portion of the $100 applied to payment of witness fees, and that the fact that the check therefor stated that $50 was for witnesses did not change the order.

Appeal from special term, Orange county.

Defendant appeals from an order denying his application for retaxation of costs, and reduction of the judgment for costs entered in plaintiff's favor. For nature of action, see the preceding case, *ante*, 192.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*John W. Lyon*, for appellant.   *C. E. Cuddeback*, for respondent.

BARNARD, P. J.   This action was for a divorce.  A motion was made by the plaintiff for alimony and expenses before trial.  The affidavit of the plaintiff states that $50 was granted for counsel fees, and $50 for witness fees. The order was not so entered, but alimony was allowed, and "$100 for counsel fees, pending the litigation."  With this order standing, there is no basis for a retaxation of costs.  The order allows nothing for witness fees or expenses, and the defendant has no right to ask the plaintiff's attorney to apply any portion of the $100 to the payment of witness fees.  The form of the check by which the $100 was paid, stating that $50 was for counsel fees and $50 for witnesses, did not change the order.  The plaintiff's attorney could receive the $100 as his right, under the order.  Order affirmed, with costs and disbursements.  All concur.